EUGENE R. ANDERSON AND JEAN C. ANDERSON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3864-71.    Filed July 14, 1975.

Eugene R. Anderson, pro se.
*Raymond L. Collins,* for the respondent.

SIMPSON, *Judge:* The Commissioner determined a deficiency of $755.34 in the petitioners' 1969 Federal income tax. The ultimate issue in the case is the amount of gain or loss realized by the petitioners on the sale of certain real property. To answer that question, we must first decide how to compute the petitioners' basis in the property under section 1038(c) of the Internal Revenue Code of 1954, since they had previously sold

and reacquired such property. We must also decide on how much they received for the later sale of the property.

### FINDINGS OF FACT

Some of the facts have been stipulated, and those facts are so found.

The petitioners, Eugene R. and Jean C. Anderson, husband and wife, resided in Wills Point, Tex., when they filed their petition herein. They filed their joint Federal income tax return for the year 1969 with the Internal Revenue Service Center, Austin, Tex.

On January 26, 1962, Mr. and Mrs. Anderson purchased a house and lot for their personal residence. They assumed a $9,000 note to a bank and paid $500 in cash to the seller. They spent $1,936.71 for capital improvements on the property before they sold it on January 17, 1966.

The purchasers of the property assumed the note to the bank, which amounted to $7,626.45 at that time, and made out a note to Mr. and Mrs. Anderson calling for a payment of $50 a month for 10 years. Mr. and Mrs. Anderson's basis in such note was $3,810.26. The purchasers did not begin payments to the bank until April 6, 1966, and ceased payments entirely after January 1967; at that time, $7,243.33 remained due on the note. Mr. and Mrs. Anderson resumed payments to the bank in April 1967. The purchasers made no payments on their note to Mr. and Mrs. Anderson. In July 1967, Mr. and Mrs. Anderson reacquired their property, reassumed the note to the bank, and canceled the purchaser's note to them.

After reacquiring the property, Mr. and Mrs. Anderson spent $593.21 for additional improvements on the property, and rented it to others until it was resold. The property was resold in August 1969; the purchaser assumed the note to the bank, which amounted to $6,216.49, and paid Mr. and Mrs. Anderson $1,000 in cash. The purchaser also paid $988.96 to Mr. Anderson to be used by him in paying off certain liens against the property. By the time it was sold, Mr. and Mrs. Anderson had claimed $1,150 in depreciation on the property.

On their 1969 Federal income tax return, Mr. and Mrs. Anderson claimed a capital loss as the result of the sale of the property. In his notice of deficiency, the Commissioner determined that they had realized a gain on the sale and made

various other adjustments. In his amended answer, the Commissioner determined that the amount realized from the sale should be increased over that found by him in the deficiency notice.

OPINION

Whether the petitioners realized a loss or a gain on the sale of the property depends upon (1) their adjusted basis in the property when they sold it in August 1969 and (2) the sales price of the property; both matters are in dispute in this case.

The petitioners' basis in the property is determined under section 1038, which provides in part:

(a) GENERAL RULE.—If—

(1) a sale of real property gives rise to indebtedness to the seller which is secured by the real property sold, and

(2) the seller of such property reacquires such property in partial or full satisfaction of such indebtedness,

then, except as provided in subsections (b) and (d), no gain or loss shall result to the seller from such reacquisition, and no debt shall become worthless or partially worthless as a result of such reacquisition.

\* \* \*

(c) BASIS OF REACQUIRED REAL PROPERTY.—If subsection (a) applies to the reacquisition of any real property, the basis of such property upon such reacquisition shall be the adjusted basis of the indebtedness to the seller secured by such property (determined as of the date of reacquisition), increased by the sum of—

(1) the amount of the gain determined under subsection (b) resulting from such reacquisition, and

(2) the amount described in subsection (b)(2)(B).

If any indebtedness to the seller secured by such property is not discharged upon the reacquisition of such property, the basis of such indebtedness shall be zero.

When the petitioners sold the property in 1966, they received a note from the purchasers secured by the property as partial payment of the purchase price, and when the petitioners reacquired the property in 1967, they canceled that note. Hence, the reacquisition of the property is one to which section 1038(a) applies, and its basis in the hands of the petitioners is determined under section 1038(c).

The parties agree that at the time of the sale in 1969, the petitioners' adjusted basis in the property included the amount remaining to be paid on the mortgage at the time they reacquired it in 1967, or $7,243.33 (sec. 1.1038-1(c)(4)(ii), Income Tax Regs.), but they disagree as to the adjusted basis of the

purchaser's note which was canceled in 1967. According to Mr. Anderson's testimony, the petitioners believed that they were selling the property in 1966 for the amount of their investment in it;[1] therefore, their basis in the note received from the purchasers was equal to the amount the petitioners had paid for the property, less the amount remaining to be paid on the mortgage at the time of the sale in 1966. *Pittsburgh Terminal Corp.*, 60 T.C. 80 (1973), affd. in an unpublished opinion (3d Cir., July 18, 1974). We have examined the evidence offered by the petitioners and found that they spent $1,936.71 for capital improvements on the property prior to its sale in 1966. When that amount is added to the $9,500 which they initially paid for the property, their resulting basis in the property is $11,436.71. Since the amount of the mortgage at the time of the sale of the property in 1966 was $7,626.45, the petitioners' adjusted basis in the note from the purchasers was $3,810.26 ($11,436.71 − $7,626.45). Since the purchasers made no payments on the note, the petitioners' basis in it continued to be $3,810.26 at the time of the reacquisition of the property in 1967. Thus, under section 1038(c), the petitioners' adjusted basis in the property, after its reacquisition in 1967, was $11,053.59 ($7,243.33 + $3,810.26).

There was some disagreement as to the amount which the petitioners spent for improvements on the property after they reacquired it in 1967; after examining the evidence submitted by them, we have found that they spent $593.21. Since they claimed depreciation in the amount of $1,150 for the period during which the property was rented, their adjusted basis in the property at the time of its sale in 1969 was $10,496.80 ($11,053.59 + $593.21 − $1,150).

The petitioners argued that certain amounts paid to them pursuant to the 1969 sale constituted refunds and therefore should not be included in determining the amount for which they sold the property. However, Mr. Anderson testified that he was unable to remember the purpose of the refunds. The purchaser testified that such amounts were paid to Mr. Anderson to enable him to pay off the holders of certain liens against the property so that the purchaser could obtain clear title to it. Consequently,

---

[1] No issue has been raised as to whether the petitioners properly treated the sale in 1966, and from the evidence, we are unable to decide whether their treatment was proper and are not passing upon such issue. Under the circumstances, we accept the petitioners' treatment for purposes of this case.

such amounts should be included in the sales price (*Crane v. Commissioner,* 331 U.S. 1 (1947)), and we have so found.

To give effect to our findings and to reflect certain concessions,

*Decision will be entered under Rule 155.*